UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Roger A. Sevigny, Insurance
Commissioner of the State of
New Hampshire, solely in his
capacity as Liquidator of
The Home Insurance Company

   v.                                       Civil No. 15-cv-127-JD
                                                  Opinion No. 2015 DNH 122

British Aviation Insurance
Company Limited and The Marine
Insurance Company Limited


O R D E R

Roger A. Sevigny, Insurance Commissioner of the State of New Hampshire, brought suit in state court, in his capacity as liquidator of the Home Insurance Company ("Liquidator"), to collect reinsurance from British Aviation Insurance Company Limited and The Marine Insurance Company Limited. The defendants removed the case to this court, and the Liquidator moves to remand. The defendants object to the motion to remand.

Discussion

The Liquidator contends that the case must be remanded to state court because the defendants' reinsurance contracts waive the defendants' right to remove through a provision titled, "Service of Suit Clause (USA)." The Liquidator also asks the court to order the defendants to pay costs and expenses incurred

in seeking remand.  The defendants object to the motion to remand, arguing that the Service of Suit Clause does not waive their right to remove.

The Liquidator appended a copy of a reinsurance policy to its complaint as Exhibit A.  The Service of Suit Clause ("Clause") in the policy provides as follows:

> In the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Company [sic] will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.
>
> Service of Process in such suit may be made upon
>
> > Mendes & Mount,
> > 27, [sic] Williams Street, [sic]
> > New York, N.Y.  10005.
>
> And in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

For purposes of the motion to remand, the defendants do not dispute that the Clause has been triggered and applies in this case to the Liquidator's claims on behalf of The Home Insurance Company.

A. <u>Removal</u>

"When plaintiffs file a civil action in state court over which the federal courts would have had original jurisdiction

based on diversity of citizenship, the defendants may remove the action to federal court." Univ. Truck & Equip. Co., Inc. v. Southworth-Milton, Inc., 765 F.3d 103, 107-08 (1st Cir. 2014) (citing 28 U.S.C. § 1441(a)).  The plaintiff may then move to remand the case to state court because of a defect, other than subject matter jurisdiction, within thirty days of removal.  28 U.S.C. § 1447(c).  To oppose a motion to remand, the defendants bear the burden of showing that removal was proper.  Inhabitants of the Town of Fairfield v. Time Warner Cable Northeast LLC, 2015 WL 1565237, at *1 (D. Me. Apr. 8, 2015); Hanover Ins. Gr., Inc. v. Chartis Speciality Ins. Co., 2013 WL 4495659, at *1 (D. Mass. Aug. 19, 2013); Pacheco v. St. Luke's Emergency Assocs., P.C., 879 F. Supp. 2d 136, 139 (D. Mass. 2012).

There is no dispute that this court has subject matter jurisdiction based on the parties' diversity of citizenship and there is no dispute that the removal was timely.  The issue is whether under the Clause the defendants waived their right to remove the case.  The defendants argue that the Clause is a permissive forum selection clause, which does not mandate exclusive jurisdiction in New Hampshire state courts.  The Liquidator contends that the Clause, as a service of suit provision, constitutes a waiver by the defendants of their right to remove.

B.  Service of Suit Clause

The parties agree that federal common law governs enforcement of forum selection clauses, including the service of suit clause at issue here.[1]  Despite that choice, the defendants state that there may be a conflict among the federal circuit courts, while the Liquidator supports the choice of federal common law by showing that both Michigan and New Hampshire enforce forum selection clauses under ordinary contract principles.  The appropriate inquiry, however, is whether the applicable state law conflicts with federal common law, because a conflict would require a determination of whether the enforceability of the clause was procedural or substantive under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  See Huffington v. T.C. Group, LLC, 637 F.3d 18, 23 (1st Cir. 2011); Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 92 (1st Cir. 2010).  New Hampshire follows the federal standard provided in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972).  Hansa Consult of N. Am., LLC v. Hansaconsult

---

[1] The defendants assert in a footnote that Michigan law should be applied to construe the reinsurance contracts because the original insured, General Motors, is located in Michigan.  They acknowledge, however, that no conflict exists between the contract law of Michigan and New Hampshire.  The Liquidator cites cases to show that no conflict exists.  For that reason, the law of the forum, New Hampshire, would apply.  See Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 4 (1st Cir. 2004); Aftokinito Props., Inc. v. Millbrook Ventures, LLC, 2010 WL 3168295, at *3 (D.N.H. Aug. 9, 2010).

Ingenieurgesellschaft mbH, 163 N.H. 46, 52 (2011).  Therefore, an Erie analysis is unnecessary, and the Bremen standard will govern the enforceability of the service of suit clause in this case.

Under the federal standard, the court addresses a forum selection clause by first determining whether the clause is mandatory or permissive.  Claudio-De Leon v. Sistema Univ. Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014).  A mandatory clause includes language that "jurisdiction and venue are appropriate exclusively in the designated forum" while a permissive clause authorizes jurisdiction and venue in the stated form but does not preclude litigation elsewhere.  Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir. 2009) (internal quotation marks omitted).  If the clause is mandatory and if the scope of the clause covers the claims at issue, the court then considers whether the opposing party has provided a strong showing that the clause is unreasonable under the four Bremen grounds.  Claudio-De Leon, 775 F.3d at 48.

The Liquidator contends that the service of suit clause in this case is mandatory, requiring litigation in the forum chosen by the insured.  For that reason, the Liquidator argues, the Clause operates as a waiver of the right to removal.  The defendants argue that the clause is merely a consent to

jurisdiction and does not mandate litigation in any forum exclusively.

1. <u>Service of Suit Clause as Mandatory Forum Selection Clause and Waiver</u>

Although the First Circuit has not addressed the effect of service of suit clauses on removal, generally "where an insurer has removed a state court action brought by its insured and a valid service of suit clause exists, the insurer's right to removal has been waived and remand is appropriate." Hanover Ins. Group, 2013 WL 4495659, at *3. The service of suit clause at issue here has been used in reinsurance contracts for many years, and as a result, the language has been addressed in other cases. Dinallo v. Dunav Ins. Co., 672 F. Supp. 2d 368, 370 (S.D.N.Y. 2009) (citing cases). The majority of courts that have considered service of suit clauses with the same or similar language have interpreted them to require that the insurer litigate in the forum chosen by the insured, which constitutes a mandatory forum selection clause and waiver of the right of removal.[2] <u>See, e.g.</u> Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 146-50 (11th Cir. 2001); Travelers Ins. Co. v.

---

[2] The Eighth Circuit concluded that it lacked jurisdiction to consider an appeal of a remand order based on a similar service of suit clause. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623-24 (8th Cir. 1997).

6

Keeling, 996 F.2d 1485, 1490 (2d Cir. 1993); Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1211 (3d Cir. 1991); City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13, 15 (5th Cir. 1991); Mosing v. Zloop, Inc., 2015 WL 1841212, at *3 (S.D. Tex. Apr. 22, 2015); Tri-Union Seafoods, LLC v. Starr Surplus Lines Ins. Co., --- F. Supp. 3d ---, 2015 WL 728477, at *4-*5 (S.D. Cal. Feb. 5, 2015); Hazelwood Logistics Ctr. LLC v. Illinois Union Ins. Co., 2014 WL 805886, at *2 (E.D. Mo. Feb. 28, 2014); Hanover Ins. Group, 2013 WL 4495659, at *3; BEPCO, L.P. v. Santa Fe Minerals, Inc., 2011 WL 4499322, at *3 (W.D. La. Apr. 25, 2011); Fleming Bldg. Co., Inc. v. Columbia Cas. Co., 751 F. Supp. 2d 1218, 1219-21 (N.D. Okla. 2010); Dinallo, 672 F. Supp. 2d at 370; Oxford Realty Group, LLC v. Axis Reinsurance Co., 2009 WL 1324028, at *5 (D.N.J. May 12, 2009); Sestech Env'l LP v. Westchester Surplus Lines Ins. Co., 2009 WL 233620, at *1-*2 (N.D. Ohio Jan. 30, 2009); Am. States Ins. Co. v. Century Sur. Co., 2008 WL 4779833, at *2-*3 (W.D. Wash. Oct. 30, 2008).

The reasoning in the above cited cases is persuasive. In the Clause, the defendants agreed to "submit to the jurisdiction of any Court of competent jurisdiction," and the Liquidator chose the New Hampshire state court. The defendants also agreed to "abide by the final decision of such Court," which is the New Hampshire state court. Based on the reasoning of the majority of courts, by agreeing to proceed in New Hampshire state court

7

and to abide by the decision of that court, the defendants are required to defend suit in the New Hampshire state court and waived the right to remove the case to this court.

2. Contrary Authority

The defendants point to Autoridad de Energia Electrica de P.R. v. Ericsson Inc., 201 F.3d 15 (1st Cir. 2000), along with cases from other circuits, to show that the Clause did not waive their right to remove this case. In Autoridad, the court considered the effect of a forum selection clause on the defendant's right to remove the case from Puerto Rico Commonwealth courts to federal court. The forum selection clause at issue was: "This contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico." Id. at 18. The First Circuit concluded that the clause was "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in other courts," and reversed the district court's remand order. Id. at 18-19.

The defendants argue that the same analysis applies here. Because the clauses are materially different, however, the holding in Autoridad does not apply in this case.

In Autoridad, both parties mutually agreed to submit to the jurisdiction of the Puerto Rico courts, conferring personal jurisdiction as to both parties in Puerto Rico courts.  Here, the defendants agreed to submit to the jurisdiction of a court chosen by the insured and to "comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court."  The defendants also agreed "to abide by the final decision of such Court."

The defendants agreed to let the insured choose the forum for litigation and agreed to comply with that decision.  As such, the defendants made a different and more comprehensive promise than the mutual forum selection provision in Autoridad, and the defendants' promise here precludes removal. See, e.g., Nutmeg Ins., 931 F.2d at 15; Tri-Union Seafoods, 2015 WL 728477, at *4 (citing cases); Hanover Ins. Group, 2013 WL 4495659, at *5 (citing cases).  Therefore, the holding in Autoridad does not control the outcome in this case.

The defendants also urge the court to follow McDermott Int'l, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199 (5th Cir. 1991), and In re Delta Am. Re Ins. Co., 900 F.2d 890 (6th Cir. 1990).  Those cases, however, considered service of suit clauses under different circumstances than apply here.

9

In McDermott, the Fifth Circuit reviewed the district court's decision to remand a case to state court, where the policy included two different forum selection clauses. 944 F.2d at 1206. Unlike the circumstances in Nutmeg Ins., 931 F.2d at 15, the policy in McDermott had a service of suit clause and an arbitration clause. 944 F.2d at 1207. In addition, the Convention Act governed the arbitration clause because the parties were not all United States citizens. Id. at 1208. The court concluded that, in light of the effect of the Convention Act, waivers of the right to removal must be clear and unequivocal. Id. at 1212-13; accord Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's, 579 F.3d 442, 443-44 (5th Cir. 2009).

The McDermott standard, by its own terms, does not apply in cases outside the Convention Act. See Southland Oil Co. v. Miss. Ins. Guar. Ass'n, 182 F. App'x 358, 361 (5th Cir. 2006). Because this case does not involve the Convention Act or an arbitration clause, the McDermott standard does not apply.

In Delta, the Kentucky insurance commissioner, as liquidator of an insolvent insurance company, brought suit in state court against the insurance company's parent corporation and its subsidiary and reinsurers. 900 F.2d at 891. The defendants removed the case to federal court, which was joined by a foreign reinsurance company under the Foreign Sovereign

10

Immunity Act ("FSIA").  Id.  The liquidator moved to remand on the ground that the reinsurers had waived the right to remove based on a forum selection clause in the reinsurance policies. Id. at 891-92.

The district court granted the motion to remand, but the Sixth Circuit reversed, holding that in cases under the FSIA, which involve foreign states, "any claimed waiver of the right of removal stemming from contractual language must be explicit." Id. at 894.  Because this case does not involve the FSIA, the standard used in Delta does not apply here.  To the extent the Sixth Circuit and district courts in the Sixth Circuit apply the Delta standard in other contexts, this court is not persuaded to veer away from the overwhelming majority of cases that have interpreted language that is similar or identical to the Clause as a waiver of the right of removal.  See, e.g., Holloway v. Scottsdale Ins. Co., 2014 WL 2764859, at *3 (E.D. Mich. June 18, 2014) (finding that cases interpreting the same clause language as a waiver of the right to remove were "highly persuasive" but denying the motion to remand due to Sixth Circuit precedent).

Because the service of suit clause in the defendants' policy waived the defendants' right to remove the case from the New Hampshire state court where it was initiated, the case must be remanded to that court.

C.  Award of Costs and Expenses

The Liquidator asks the court to award costs and attorney's fees under § 1447(c).  Section 1447(c) states that "[a]n order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

The Liquidator argues that because the complaint cited the Clause and the overwhelming majority of courts have held that such a clause precludes removal, the defendants lacked an objectively reasonable basis for removal.  See Fleming Bldg. Co., Inc. v. Columbia Cas. Co., 751 F. Supp. 1218, 1221 (D. Colo. 2010) ("Given the decades-long history of the 'submit to service' clause in insurance and reinsurance contracts, and the overwhelming weight of authority that such provisions operate as a waiver of the insurer's right of removal, the court finds . . . removal of the case was not 'objectively reasonable.'").  The defendants argue that because the First Circuit has not addressed the effect of service of suit clauses on removal and some authority does support their position, removal was not objectively unreasonable.  The defendants also note that they

12

are foreign entities so their effort to move to federal court was not unreasonable or used as a litigation tactic.

Despite the outcome in Fleming, the court concludes in this case that the removal was not objectively unreasonable. Therefore, no award of costs and expenses is appropriate.

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 9) is granted.

The case is remanded to Merrimack County Superior Court.

SO ORDERED.

                              /s/ Joseph A. DiClerico, Jr.
                              Joseph DiClerico, Jr.
                              United States District Judge

June 16, 2015

cc:   John P. Graceffa, Esq.
       J. Christopher Marshall, Esq.
       William N. Smart, Esq.
       Eric A. Smith, Esq.